FRANK EDWARD PETERS II, pro se
SHANNON TAKISHA PRINCE-PETERS, pro se
12650 LOST TRAIL CT
ETIWANDA, CA 91739
909-200-8794
FEPETERS2@GMAIL.COM



FILED
CLERK, U.S. DISTRICT COURT

SEP 2 5 2025

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION /// BY DEPUTY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

FRANK EDWARD PETERS, II AND
SHANNON TAKISHA PRINCE-PETERS

    Plaintiff,

vs.

AMERICAN FAMILY LIFE ASSURANCE
COMPANY OF COLUMBUS (AFLAC),
COLONIAL LIFE & ACCIDENT INSURANCE
COMPANY, COMBINED INSURANCE
COMPANY OF AMERICA, UNUM GROUP
CORPORATION, G4S COMPLIANCE &
INVESTIGATIONS, JENNIFER SHOBERT
(INDIVIDUALLY AND IN OFFICIAL
CAPACITY), NICOLE HARTER
(INDIVIDUALLY AND IN OFFICIAL
CAPACITY), JASON BALL (INDIVIDUALLY
AND IN OFFICIAL CAPACITY), ANGELA
JUSTICE (INDIVIDUALLY AND IN OFFICIAL
CAPACITY), ROBERT HAMMOND
(INDIVIDUALLY AND IN OFFICIAL
CAPACITY), DIANE L. JONES (INDIVIDUALLY
AND IN OFFICIAL CAPACITY) DETECTIVE
LORI POZUELOS (INDIVIDUALLY AND IN
OFFICIAL CAPACITY), DEPUTY ATTORNEY
GENERAL TANJA TITRE (INDIVIDUALLY
AND IN OFFICIAL CAPACITY), AND DOES 1–
100.

    Defendant

Case No.: EDCV25-02541-CAS(SSC)

**CAUSE OF ACTION**

**42 U.S.C. §1983 – Deprivation of
Rights Under Color of State Law
42 U.S.C. §1985(2) – Conspiracy to
Obstruct Justice
42 U.S.C. §1985(3) – Conspiracy to
Deprive Equal Protection of Laws
42 U.S.C. §1986 – Neglect to Prevent
Conspiracy
Malicious Prosecution (federal, via
§1983 incorporation)
Abuse of Process (federal, via §1983
incorporation)
Intentional Infliction of Emotional
Distress (IIED)**

CAUSE OF ACTION42 U.S.C. §1983 – DEPRIVATION OF RIGHTS UNDER COLOR OF STATE LAW42
U.S.C. §1985(2) – CONSPIRACY TO OBSTRUCT JUSTICE42 U.S.C. §1985(3) – CONSPIRACY TO DEPRIVE
EQUAL PROTECTION OF LAWS42 U.S.C. §1986 – NEGLECT TO PREVENT CONSPIRACYMALICIOUS
PROSECUTION (FEDERAL, VIA §1983 INCORPORATION)ABUSE OF PROCESS (FEDERAL, VIA §1983
INCORPORATION)INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED) - 1

**INTRODUCTION**

1.  This is a civil rights and conspiracy action arising from a coordinated scheme between private insurance companies and California law enforcement officials to fabricate fraud allegations, mislead a grand jury, and maliciously prosecute Plaintiffs Frank Edward Peters II and Shannon Prince Peters.

2.  Beginning in 2018, **Colonial Life and Combined Insurance (subsidiaries of Unum Group)** initiated referrals to the California Department of Insurance ("CDI") based on incomplete and misleading information. These referrals were amplified through the subjective and improper actions of Colonial employee **Jennifer Shobert,** who relied on her alleged ability to recognize a voice over the phone as proof of fraud, and Combined employee **Nicole Harter**, who escalated claims based on subjective "red flag provider" determinations.

3.  In April 2020, **Aflac** was contacted by CDI. Although Aflac had not initiated any referral, its Special Investigations Unit Manager **Jason Ball**, investigator **Angela Justice**, and agent **Verita Bowman** provided information that was selectively framed by CDI investigators to support a predetermined theory that Plaintiffs' businesses were "fake" and their claims fraudulent.

4.  Acting under color of state law, CDI Detective **Lori Pozuelos** and Deputy

Attorney General **Tanja Titre** conspired with these insurers to misrepresent Plaintiffs' businesses and insurance claims to a San Bernardino County grand jury in March 2023. Despite business licenses, Secretary of State records, and leases confirming the existence of Plaintiffs' companies, Defendants repeatedly told the grand jury that Plaintiffs' businesses "did not exist."

5.  As a direct result of this conspiracy, Plaintiffs were indicted, arrested in front of their children at gunpoint, subjected to excessive bail and **§1275.1 holds**, falsely branded as fraudsters, and deprived of their constitutional rights to due process and equal protection of the laws.

6.  Plaintiffs now seek redress under **42 U.S.C. §§ 1983, 1985, and 1986**, as well as supplemental state law claims, against all Defendants for their roles in fabricating evidence, conspiring to deprive Plaintiffs of their rights, and maliciously prosecuting them without probable cause.

**JURISDICTION AND VENUE**

7.  This Court has jurisdiction under **28 U.S.C. § 1331** because this action arises under the Constitution and laws of the United States, including **42 U.S.C. §§ 1983, 1985, and 1986.**

CAUSE OF ACTION42 U.S.C. §1983 – DEPRIVATION OF RIGHTS UNDER COLOR OF STATE LAW42 U.S.C. §1985(2) – CONSPIRACY TO OBSTRUCT JUSTICE42 U.S.C. §1985(3) – CONSPIRACY TO DEPRIVE EQUAL PROTECTION OF LAWS42 U.S.C. §1986 – NEGLECT TO PREVENT CONSPIRACYMALICIOUS PROSECUTION (FEDERAL, VIA §1983 INCORPORATION)ABUSE OF PROCESS (FEDERAL, VIA §1983 INCORPORATION)INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED) - 3

8. This Court has jurisdiction under **28 U.S.C. § 1343** because this action seeks to redress the deprivation of rights secured by the Constitution by persons acting under color of state law.

9. This Court also has jurisdiction under **28 U.S.C. § 1332** because Plaintiffs are citizens of California, Defendant Unum Group Corporation is incorporated and has its principal place of business in Tennessee, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. This Court has supplemental jurisdiction under **28 U.S.C. § 1367** over Plaintiffs' related state law claims, as they arise from the same nucleus of operative facts as the federal claims.

11. Venue is proper in the **United States District Court for the Central District of California** under **28 U.S.C. § 1391(b)** because a substantial part of the events giving rise to the claims occurred in this district and several Defendants reside and conducted business here.

12. This Court has personal jurisdiction over Defendants because they have purposefully availed themselves of the privilege of conducting business in California, engaged in continuous and systematic contacts with California, and committed the wrongful acts alleged herein in this District.

CAUSE OF ACTION42 U.S.C. §1983 – DEPRIVATION OF RIGHTS UNDER COLOR OF STATE LAW42 U.S.C. §1985(2) – CONSPIRACY TO OBSTRUCT JUSTICE42 U.S.C. §1985(3) – CONSPIRACY TO DEPRIVE EQUAL PROTECTION OF LAWS42 U.S.C. §1986 – NEGLECT TO PREVENT CONSPIRACYMALICIOUS PROSECUTION (FEDERAL, VIA §1983 INCORPORATION)ABUSE OF PROCESS (FEDERAL, VIA §1983 INCORPORATION)INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED) - 4

13. This Court also has jurisdiction pursuant to **28 U.S.C. §§ 2201 and 2202**, as an actual controversy exists between Plaintiffs and Defendants regarding the violations of federal law and Plaintiffs seek declaratory and injunctive relief.

14. Venue is also proper under **28 U.S.C. § 1391(c)** because the corporate Defendants are deemed to reside in any judicial district where they are subject to personal jurisdiction, including the Central District of California.

**PARTIES**

15. **Plaintiff FRANK EDWARD PETERS II** is an individual residing in San Bernardino County, California. At all relevant times, he operated licensed businesses, including Frannon Inc. and Frannon Financial, in compliance with California law.

16. **Plaintiff SHANNON PRINCE PETERS** is an individual residing in San Bernardino County, California. She is the wife of Plaintiff Frank Peters and also operated Frannon Financial and other lawful business ventures.

17. **Defendant AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS (AFLAC)** is a corporation organized under the laws of Nebraska with its principal place of business in Columbus, Georgia. At all relevant times,

AFLAC issued short-term disability policies to Plaintiffs and was engaged in the business of insurance in California.

18. **Defendant JASON BALL** is, and at all relevant times was, the Special Investigations Unit (SIU) Manager at AFLAC. He participated in the investigation of Plaintiffs' policies and claims and is sued in his individual and official capacities.

19. **Defendant ANGELA JUSTICE** is, and at all relevant times was, an investigator employed by AFLAC's SIU. She participated in the investigation of Plaintiffs' claims and is sued in her individual and official capacities.

20. **Defendant COLONIAL LIFE & ACCIDENT INSURANCE COMPANY (COLONIAL)** is a corporation organized under the laws of South Carolina with its principal place of business in Columbia, South Carolina. Colonial is a wholly owned subsidiary of Unum Group Corporation. Colonial issued short-term disability policies to Plaintiffs and made referrals to law enforcement regarding Plaintiffs.

21. **Defendant JENNIFER SHOBERT** is, and at all relevant times was, an employee of Colonial Life who acted as a claims consultant and later referred Plaintiffs to SIU based on alleged "voice recognition." She is sued in her

individual and official capacities.

22. **Defendant COMBINED INSURANCE COMPANY OF AMERICA (COMBINED)** is a corporation organized under the laws of Illinois with its principal place of business in Chicago, Illinois. Combined is a wholly owned subsidiary of Unum Group Corporation. Combined issued short-term disability policies to Plaintiffs and made referrals to law enforcement regarding Plaintiffs.

23. **Defendant NICOLE HARTER** is, and at all relevant times was, a Special Investigations Unit Investigator with Combined Insurance. She investigated Plaintiffs' claims and participated in making referrals to law enforcement. She is sued in her individual and official capacities.

24. **Defendant UNUM GROUP CORPORATION (UNUM)** is a corporation organized under the laws of Delaware with its principal place of business in Chattanooga, Tennessee. UNUM is the parent company of Colonial Life and Combined Insurance and is responsible for their operations, policies, and training.

25. **Defendant DETECTIVE LORI POZUELOS** is, and at all relevant times was, a detective employed by the California Department of Insurance Fraud Division in Rancho Cucamonga, California. Acting under color of state law, she solicited and misrepresented information from insurer defendants and presented it

to the San Bernardino County Grand Jury. She is sued in her individual and official

capacities.

26. **Defendant DEPUTY ATTORNEY GENERAL TANJA TITRE** is, and at

all relevant times was, a prosecutor employed by the California Department of

Justice, Office of the Attorney General. Acting under color of state law, she

presented misleading evidence and false testimony to the grand jury and sought

excessive bail against Plaintiffs. She is sued in her individual and official

capacities.

27. **DOES 1–100** are other individuals and entities whose identities are

presently unknown but who participated in the acts alleged herein. Plaintiffs will

amend this Complaint to allege their true names and capacities when ascertained.


**FACTUAL ALLEGATIONS**

28. Plaintiffs Frank Edward Peters II and Shannon Prince Peters are licensed

business operators in California. At all relevant times, they operated legitimate

businesses, including Frannon Inc. and Frannon Financial, which were properly

registered with the California Secretary of State, the Department of Real Estate,

and the Franchise Tax Board.

29. Beginning in **2017–2018**, Plaintiffs obtained voluntary short-term disability insurance coverage from multiple insurers, including Colonial Life & Accident Insurance Company ("Colonial"), Combined Insurance Company of America ("Combined"), and American Family Life Assurance Company of Columbus ("Aflac"). These policies were applied for and issued through the insurers' agents in the ordinary course of business.

30. On or about **December 2018**, Defendant **Combined Insurance** initiated one of the earliest fraud referrals to the California Department of Insurance ("CDI"). Combined's Special Investigations Unit ("SIU"), led in part by Defendant **Nicole Harter**, escalated Plaintiffs' policies and claims as "suspicious" based on subjective determinations, including alleged treatment by so-called "red flag providers."

31. On or about **October 2019**, Defendant **Jennifer Shobert**, a Colonial Life consultant with nearly three decades of claims experience, claimed she "recognized" the voice of Plaintiff Shannon Peters on phone calls made under another name. Relying on this subjective and unscientific "voice recognition," Shobert escalated Plaintiffs' policies and claims to Colonial's SIU.

32. Colonial's SIU, upon receiving Shobert's referral, retained a private

CAUSE OF ACTION42 U.S.C. §1983 – DEPRIVATION OF RIGHTS UNDER COLOR OF STATE LAW42 U.S.C. §1985(2) – CONSPIRACY TO OBSTRUCT JUSTICE42 U.S.C. §1985(3) – CONSPIRACY TO DEPRIVE EQUAL PROTECTION OF LAWS42 U.S.C. §1986 – NEGLECT TO PREVENT CONSPIRACYMALICIOUS PROSECUTION (FEDERAL, VIA §1983 INCORPORATION)ABUSE OF PROCESS (FEDERAL, VIA §1983 INCORPORATION)INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED) - 9

investigator and compiled materials for referral to law enforcement. Colonial and Combined, both subsidiaries of Defendant **Unum Group Corporation**, became the principal insurance entities driving the referral process to CDI.

33. On or about **April 2020**, CDI contacted Defendant **Aflac** to obtain policy and claims information. Unlike Colonial and Combined, Aflac had not made any fraud referral. Nevertheless, Defendant **Jason Ball**, SIU Manager at Aflac, and Defendant **Angela Justice**, an Aflac investigator, provided records and statements at CDI's request. Defendant **Verita Bowman**, an Aflac agent, also provided testimony about industry practices. Although Aflac processed Plaintiffs' policies in good faith, CDI and law enforcement later mischaracterized Aflac's cooperation as support for fraud allegations.

34. Defendant **Detective Lori Pozuelos** of the CDI Fraud Division served as the lead investigator. Rather than conduct an independent investigation, Pozuelos relied heavily on the insurer referrals and testimony from Defendants Shobert, Harter, Ball, Justice, and Bowman. Pozuelos presented these insurer statements selectively, misrepresenting Plaintiffs' businesses as "fake" and disregarding documentary evidence of their legitimacy.

35. Defendant **Deputy Attorney General Tanja Titre**, acting under color of

CAUSE OF ACTION42 U.S.C. §1983 – DEPRIVATION OF RIGHTS UNDER COLOR OF STATE LAW42 U.S.C. §1985(2) – CONSPIRACY TO OBSTRUCT JUSTICE42 U.S.C. §1985(3) – CONSPIRACY TO DEPRIVE EQUAL PROTECTION OF LAWS42 U.S.C. §1986 – NEGLECT TO PREVENT CONSPIRACYMALICIOUS PROSECUTION (FEDERAL, VIA §1983 INCORPORATION)ABUSE OF PROCESS (FEDERAL, VIA §1983 INCORPORATION)INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED) - 10

state law, adopted Pozuelos' narrative wholesale. In March 2023, she presented evidence to a San Bernardino County grand jury that Plaintiffs' businesses "did not exist," despite Secretary of State records, Department of Real Estate registrations, and lease agreements proving otherwise.

36. Defendants further misrepresented that Plaintiffs had engaged in "fraudulent" claims, despite the fact that Plaintiffs' insurance claims had been issued and paid in good faith by the insurers themselves under established industry standards.

37. As a direct and foreseeable result of these coordinated actions, Plaintiffs were indicted on March 30, 2023, arrested at gunpoint on April 6, 2023, and subjected to excessive bail and Penal Code § 1275.1 bail holds designed to prevent release. Plaintiffs' home was raided, their children traumatized, and their reputations destroyed.

38. Defendants' conspiracy to manufacture fraud allegations, mislead the grand jury, and maliciously prosecute Plaintiffs deprived them of their constitutional rights, inflicted severe emotional and financial harm, and caused lasting damage to their family.

CAUSE OF ACTION42 U.S.C. §1983 – DEPRIVATION OF RIGHTS UNDER COLOR OF STATE LAW42 U.S.C. §1985(2) – CONSPIRACY TO OBSTRUCT JUSTICE42 U.S.C. §1985(3) – CONSPIRACY TO DEPRIVE EQUAL PROTECTION OF LAWS42 U.S.C. §1986 – NEGLECT TO PREVENT CONSPIRACYMALICIOUS PROSECUTION (FEDERAL, VIA §1983 INCORPORATION)ABUSE OF PROCESS (FEDERAL, VIA §1983 INCORPORATION)INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED) - 11

**CAUSES OF ACTION**

**First Cause of Action - Violation of Civil Rights (42 U.S.C. § 1983 –**

**Deprivation of Due Process and Equal Protection)**

(Against Defendants Pozuelos, Titre, Colonial, Combined, Aflac, Unum, and

Individual SIU/Agent Defendants)

39. Plaintiffs re-allege and incorporate by reference all prior paragraphs.

40. Defendants acted under color of state law and in joint action with state actors

to deprive Plaintiffs of constitutional rights, including the right to due process of

law, equal protection of the laws, and freedom from unreasonable seizure.

41. Defendant **Detective Lori Pozuelos** misrepresented business records,

licenses, and corporate registrations to the San Bernardino County grand jury,

asserting falsely that Plaintiffs' businesses did not exist.

42. Defendant **Deputy Attorney General Tanja Titre** knowingly presented this

false information to the grand jury and compounded it with her own misleading

arguments, despite access to documentary evidence showing Frannon Inc. and

Frannon Financial were legitimate registered businesses.

43. Defendants **Jennifer Shobert (Colonial)** and **Nicole Harter (Combined)**

provided false and misleading information to law enforcement based on

CAUSE OF ACTION42 U.S.C. §1983 – DEPRIVATION OF RIGHTS UNDER COLOR OF STATE LAW42 U.S.C. §1985(2) – CONSPIRACY TO OBSTRUCT JUSTICE42 U.S.C. §1985(3) – CONSPIRACY TO DEPRIVE EQUAL PROTECTION OF LAWS42 U.S.C. §1986 – NEGLECT TO PREVENT CONSPIRACYMALICIOUS PROSECUTION (FEDERAL, VIA §1983 INCORPORATION)ABUSE OF PROCESS (FEDERAL, VIA §1983 INCORPORATION)INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED) - 12

speculative "voice recognition" and "red flag provider" criteria, neither of which constitutes competent or reliable evidence.

44. Defendants **Jason Ball, and Angela Justice (Aflac)** provided policy information to CDI in good faith, but their testimony and records were selectively framed by state actors to falsely portray Plaintiffs as engaged in fraud.

45. Defendant **Unum Group**, as parent corporation of Colonial and Combined, negligently supervised and trained its employees, enabling them to escalate false claims into SIU referrals without proper verification.

46. The combined actions of Defendants caused Plaintiffs to be indicted without probable cause, arrested at gunpoint, subjected to excessive bail restrictions, and branded as criminals in their community.

47. These actions deprived Plaintiffs of liberty, property, and equal protection in violation of the **Fourteenth Amendment to the United States Constitution** and constitute violations of **42 U.S.C. § 1983.**

**Second Cause of Action - Conspiracy to Obstruct Justice (42 U.S.C. § 1985(2))** (Against All Defendants)

48. Plaintiffs re-allege and incorporate by reference all prior paragraphs.

CAUSE OF ACTION42 U.S.C. §1983 – DEPRIVATION OF RIGHTS UNDER COLOR OF STATE LAW42 U.S.C. §1985(2) – CONSPIRACY TO OBSTRUCT JUSTICE42 U.S.C. §1985(3) – CONSPIRACY TO DEPRIVE EQUAL PROTECTION OF LAWS42 U.S.C. §1986 – NEGLECT TO PREVENT CONSPIRACYMALICIOUS PROSECUTION (FEDERAL, VIA §1983 INCORPORATION)ABUSE OF PROCESS (FEDERAL, VIA §1983 INCORPORATION)INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED) - 13

49. Defendants conspired to obstruct justice by misleading and improperly influencing a San Bernardino County grand jury for the purpose of securing an indictment against Plaintiffs without probable cause.

50. Defendant **Shobert** triggered Colonial's SIU referral based on alleged voice recognition, despite no corroborating evidence.

51. Defendant **Harter** escalated claims within Combined and demanded repayment under the pretext of "nondisclosure," later submitting this to law enforcement.

52. Defendant **Ball, and Justice** at Aflac responded to CDI inquiries in good faith, but their cooperation was twisted by state actors into "evidence" of fraud.

53. Defendant **Pozuelos** compiled these insurer referrals, distorted their meaning, and presented them selectively to the grand jury.

54. Defendant **Titre** endorsed and expanded on this narrative in closing arguments, directly instructing the grand jury to indict.

55. These overt acts show a coordinated effort to obstruct justice by substituting speculation and misrepresentation for competent evidence.

56. Plaintiffs were thereby denied the right to fair proceedings and justice under the laws of the United States.

CAUSE OF ACTION42 U.S.C. §1983 – DEPRIVATION OF RIGHTS UNDER COLOR OF STATE LAW42 U.S.C. §1985(2) – CONSPIRACY TO OBSTRUCT JUSTICE42 U.S.C. §1985(3) – CONSPIRACY TO DEPRIVE EQUAL PROTECTION OF LAWS42 U.S.C. §1986 – NEGLECT TO PREVENT CONSPIRACYMALICIOUS PROSECUTION (FEDERAL, VIA §1983 INCORPORATION)ABUSE OF PROCESS (FEDERAL, VIA §1983 INCORPORATION)INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED) - 14

**Third Cause of Action - Conspiracy to Deprive Civil Rights (42 U.S.C. § 1985(3))**

(Against All Defendants)

57. Plaintiffs re-allege and incorporate by reference all prior paragraphs.

58. Defendants agreed, tacitly or explicitly, to deprive Plaintiffs of equal protection of the laws by targeting them for criminal prosecution despite the absence of probable cause.

59. The conspiracy was motivated in part by discriminatory animus toward Plaintiffs as African-American business owners operating under independent contractor models.

60. Defendants Colonial and Combined, through Shobert and Harter, made early referrals specifically naming Plaintiffs as fraud suspects without legitimate basis.

61. Defendant Unum encouraged and ratified these practices through lack of oversight and corporate approval of SIU actions.

62. Defendant Aflac, through Ball, Justice, and Bowman, provided records that were co-opted into the conspiracy.

63. Defendant Pozuelos used these referrals to build a narrative of non-existent businesses, ignoring contrary evidence.

64. Defendant Titre adopted this false narrative in open court, misleading the grand jury and ensuring indictment.

65. The coordinated actions of Defendants deprived Plaintiffs of their rights and placed them in a class of persons unfairly subjected to criminal sanction.

**Fourth Cause of Action - Neglect to Prevent Conspiracy (42 U.S.C. § 1986)** (Against Unum Supervisors, Pozuelos' Supervisors, and Titre's Supervisors – DOES 1–50)

66. Plaintiffs re-allege and incorporate by reference all prior paragraphs.

67. Defendants had knowledge of the unlawful conspiracy to deprive Plaintiffs of rights yet failed to intervene or prevent the violations.

68. Defendant **Unum** exercised corporate oversight of Colonial and Combined but failed to prevent Shobert and Harter from escalating baseless referrals.

69. Supervisors within CDI and the California Department of Justice had actual knowledge of Pozuelos and Titre's reliance on flawed insurer referrals but neglected to correct or stop these actions.

70. This neglect directly enabled the continuation of the conspiracy.

71. Had these supervisors acted, Plaintiffs would not have been indicted or subjected to unlawful arrests and bail conditions.

72. Defendants' failure to prevent unlawful conduct renders them liable under **42 U.S.C. § 1986.**

**Fifth Cause of Action - Malicious Prosecution (via § 1983 incorporation)**

(Against All Defendants)

73. Plaintiffs re-allege and incorporate by reference all prior paragraphs.

74. Defendants initiated and continued a criminal prosecution against Plaintiffs without probable cause and with malice.

75. Defendant **Colonial (via Shobert)** referred Plaintiffs to SIU and law enforcement based on unscientific and unreliable "voice recognition."

76. Defendant **Combined (via Harter)** escalated Plaintiffs' claims and sought rescission and repayment on the pretext of undisclosed coverage, despite having no evidence that claims were illegitimate.

77. Defendant **Aflac (via Ball, Justice, and Bowman)** did not initiate a referral but cooperated under duress of CDI request, and its records were misused by state actors to falsely present fraud.

78. Defendant **Unum** oversaw and authorized Colonial and Combined's SIU referrals, which formed the foundation of the prosecution.

79. Defendant **Detective Lori Pozuelos** presented misleading evidence to the grand jury, omitting exculpatory business registration records and doctor certifications.

80. Defendant **Deputy Attorney General Tanja Titre** amplified these misrepresentations in closing argument, urging the grand jury to indict on knowingly false grounds.

81. Defendants acted with malice, intending to secure an indictment for reputational and political gain, rather than to serve the interests of justice.

82. As a direct result, Plaintiffs were indicted, arrested, jailed, and subjected to stigma and damages to their personal and professional reputations.

83. Plaintiffs are entitled to compensatory damages, punitive damages, and all other relief as permitted by law.

CAUSE OF ACTION42 U.S.C. §1983 – DEPRIVATION OF RIGHTS UNDER COLOR OF STATE LAW42 U.S.C. §1985(2) – CONSPIRACY TO OBSTRUCT JUSTICE42 U.S.C. §1985(3) – CONSPIRACY TO DEPRIVE EQUAL PROTECTION OF LAWS42 U.S.C. §1986 – NEGLECT TO PREVENT CONSPIRACYMALICIOUS PROSECUTION (FEDERAL, VIA §1983 INCORPORATION)ABUSE OF PROCESS (FEDERAL, VIA §1983 INCORPORATION)INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED) - 18

**Sixth Cause of Action - Abuse of Process (via § 1983 incorporation)**

(Against All Defendants)

84. Plaintiffs re-allege and incorporate by reference all prior paragraphs.

85. Defendants misused legal process to accomplish unlawful objectives, including financial ruin, reputational harm, and coercion.

86. Pozuelos orchestrated an armed raid disproportionate to the alleged conduct.

87. Titre sought excessive bail and §1275.1 bail holds to keep Plaintiffs in custody.

88. Insurer defendants allowed their referrals and records to be used for improper purposes beyond ordinary claim review.

89. The process was not used to seek justice but to secure indictments and extract leverage.

90. Plaintiffs suffered financial loss, humiliation, and trauma as a result of the abuse.

**Seventh Cause of Action - Intentional Infliction of Emotional Distress (IIED)**

(Against All Defendants)

91. Plaintiffs re-allege and incorporate by reference all prior paragraphs.

92. Defendants engaged in extreme and outrageous conduct beyond the bounds of decency.

93. Pozuelos led armed raids into Plaintiffs' home, pointing guns at their children.

94. Titre defamed Plaintiffs in open court and sought bail conditions designed to break them financially.

95. Shobert and Harter initiated unfounded referrals that branded Plaintiffs as criminals.

96. Ball, and Justice, records were twisted into false allegations, compounding the narrative of fraud.

97. Unum facilitated these actions through systemic corporate negligence.

98. Defendants acted with intent or reckless disregard for the probability of causing severe emotional distress.

99. Plaintiffs have suffered severe trauma, humiliation, reputational harm, and damage to family relationships as a direct result.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs FRANK EDWARD PETERS II and SHANNON PRINCE PETERS respectfully request that this Court enter judgment in their favor

CAUSE OF ACTION42 U.S.C. §1983 – DEPRIVATION OF RIGHTS UNDER COLOR OF STATE LAW42 U.S.C. §1985(2) – CONSPIRACY TO OBSTRUCT JUSTICE42 U.S.C. §1985(3) – CONSPIRACY TO DEPRIVE EQUAL PROTECTION OF LAWS42 U.S.C. §1986 – NEGLECT TO PREVENT CONSPIRACYMALICIOUS PROSECUTION (FEDERAL, VIA §1983 INCORPORATION)ABUSE OF PROCESS (FEDERAL, VIA §1983 INCORPORATION)INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED) - 20

and against all Defendants, and grant the following relief:

100.     **Compensatory Damages** in an amount to be proven at trial, including but not limited to lost income, legal expenses, reputational harm, and emotional distress.

101.     **General and Special Damages** for humiliation, pain, suffering, and loss of enjoyment of life.

102.     **Punitive and Exemplary Damages** against all Defendants to deter similar misconduct, in an amount sufficient to punish and make an example of them.

103.     **Declaratory Relief** pursuant to **28 U.S.C. §§ 2201–2202**, declaring that Defendants' actions violated Plaintiffs' constitutional rights under the United States Constitution and federal law.

104.     **Injunctive Relief** enjoining Defendants and their agents from further misuse of insurer referrals and from engaging in malicious or retaliatory prosecutions against Plaintiffs.

105.     **Attorneys' Fees and Costs** pursuant to **42 U.S.C. § 1988**, and as otherwise permitted by law.

106.     **Such other and further relief** as the Court deems just and proper.

**JURY DEMAND**

Pursuant to **Rule 38 of the Federal Rules of Civil Procedure**, Plaintiffs hereby demand a trial by jury on all issues so triable.

**DATED:** 9/25/25

**Respectfully Submitted,**

FRANK EDWARD PETERS, II pro se

SHANNON TAKISHA PRINCE-PETERS, pro se

CAUSE OF ACTION42 U.S.C. §1983 – DEPRIVATION OF RIGHTS UNDER COLOR OF STATE LAW42 U.S.C. §1985(2) – CONSPIRACY TO OBSTRUCT JUSTICE42 U.S.C. §1985(3) – CONSPIRACY TO DEPRIVE EQUAL PROTECTION OF LAWS42 U.S.C. §1986 – NEGLECT TO PREVENT CONSPIRACYMALICIOUS PROSECUTION (FEDERAL, VIA §1983 INCORPORATION)ABUSE OF PROCESS (FEDERAL, VIA §1983 INCORPORATION)INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED) - 22